UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: <br><br> HIGHLAND CAPITAL MANAGEMENT LP, <br><br> Debtor, <br><br> ———————————— <br><br> THE DUGABOY INVESTMENT TRUST, <br><br> Plaintiff/Appellant, <br><br> v. <br><br> HIGHLAND CAPITAL MANAGEMENT, L.P.; HIGHLAND CLAIMANT TRUST; HIGHLAND LITIGATION SUB-TRUST; HUNTER MOUNTAIN INVESTMENT TRUST, <br><br> Defendants/Appellees. | § § § § § § § § § § § § § § § § § § § § § § § § § § CIVIL ACTION NO. 3:25-CV-2579-B |

## ORDER

Before the Court is Defendants/Appellees Highland Capital Management, L.P. and Highland Claimant Trust ("Appellees")'s Emergency Motion for A Limited Stay and Extension of Time (Doc. 18). The Court **DENIES** Appellees' Motion.

Plaintiff/Appellant The Dugaboy Investment Trust ("Dugaboy") initially filed its notice of appeal of the Bankruptcy Court's "Order Denying Fifth Motion for Recusal" without an accompanying motion for leave to appeal. *See* Doc. 1, Notice. Determining that an order denying a

1

motion to recuse is interlocutory, the Court directed Dugaboy to file a motion for leave within fourteen days. Doc. 2, Electronic Order; *see* Fed. R. Bankr. P. ("FRBP") 8004(d)(2) (allowing district court to order appellant to file motion for leave to appeal within 14 days if it failed to include a motion for leave with its notice of appeal).

On October 10, 2025, Dugaboy filed its Motion for Leave to Appeal. *See* Doc. 17, Mot. Leave. Under FRBP 8004(b)(2), Appellees' response to Dugaboy's Motion for Leave is due within fourteen days, which falls on October 24, 2025.

Appellees seek a stay of their response deadline based on Dugaboy's designation of an apparently voluminous appellate record in the Bankruptcy Court. *See* Doc. 18, Emergency Mot., 3. Appellees have moved to strike portions of the designated record as improper for inclusion in this appeal. *See id.* at 4. Appellees request that this Court allow it to respond to Dugaboy's Motion for Leave after the disputes over what should be included in the appellate record are resolved. *Id.*

"Subject to (c), if a motion for leave to appeal is filed under Rule 8004, the bankruptcy clerk must prepare and send the record *only after the motion is granted*." FRBP 8010(b)(5) (emphasis added). The referenced subsection (c) applies, as relevant here, if the motion to leave is filed in district court and requires the bankruptcy clerk to send parts of the record designated by a party to the appeal. *See* FRBP 8010(c)(1)(A), (c)(2). The question whether this Court has jurisdiction under 28 U.S.C. § 158(a) to entertain Dugaboy's appeal is a question antecedent to what items should be included in the record. Therefore, the appellate record need not be finalized for Appellees to file a response limited to the jurisdictional question and for the Court to decide whether it has jurisdiction. It may be appropriate for Appellees to request that the Bankruptcy Court await this Court's jurisdictional

decision before deciding on Appellees' motion to strike, but not the other way around.

Because there are still three days left for Appellees to respond to Dugaboy's Motion for Leave, the Court **DENIES WITHOUT PREJUDICE** Appellees' alternative request to extend their time to respond to ten days after disposition of the Emergency Motion.

**SO ORDERED.**

**SIGNED: October 21, 2025.**

_____
JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE