PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
Jordan A. Kroop (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
Zachery Z. Annable
Texas Bar No. 24053075
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100

*Counsel for Appellees*
*Highland Capital Management, L.P. and the Highland Claimant Trust*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| THE DUGABOY INVESTMENT TRUST,<br>Appellant,<br>v.<br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br>*et al.,*<br>Appellees. | Case No. 3:25-cv-02579-B |

## APPELLEES' OPPOSITION TO MOTION FOR LEAVE TO APPEAL

Highland Capital Management, L.P. and the Highland Claimant Trust (together, "**Appellees**"), appellees in this appeal of the *Order Denying Fifth Motion to Recuse Judge* [Bankr. Doc. 4379] (the "**Fifth Recusal Order**") of the U.S. Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**"), file this response in opposition to The Dugaboy Investment Trust's ("**Appellant**") motion for leave to appeal the Fifth Recusal Order [Doc. 17] (the "**Motion for Leave**"). In support, Appellees respectfully state:

## INTRODUCTION

1.      The Court already ruled, on September 26, that the Fifth Recusal Order is an interlocutory order. Yet, defiantly, Appellant spends the vast majority of its Motion for Leave attempting to convince the Court otherwise. Appellant advances two arguments in their efforts: (1) because two unrelated orders the Bankruptcy Court issued are final, and because those orders are supposedly "intertwined" with the issue of recusal, the Fifth Recusal Order should be considered final; and (2) because the bankruptcy case is "nearly" completed, the Fifth Recusal Order should be considered final even if its interlocutory. For reasons presented more fully below, both arguments completely lack merit and should be rejected.

2.      Other orders entered on matters entirely unrelated to recusal cannot transform an interlocutory order into a final one. Appellant has offered this Court no support for such a proposition in case law or statute. None exists. Bankruptcy judges always issue final orders in cases following a recusal denial, yet Fifth Circuit law is clear and unqualified that the recusal denial remains interlocutory. Appellant's feckless attempt to use the finality of unrelated orders to magically convert the interlocutory Fifth Recusal Order to a final order should not persuade this Court to countermand decades of Fifth Circuit precedent and its own prior determination.

3.      The bankruptcy case is, regrettably, not close to completion because this Appellant and its Dondero-controlled affiliates continue to oppose everything happening

in the Bankruptcy Court and continue to pursue appeal after appeal—they currently have eight other appeals before this Court and the Fifth Circuit Court of Appeals—any one of which could result in a reversal or remand that would require the Bankruptcy Court to continue administering this bankruptcy case for many months or years. Appellant's own litigious conduct is the biggest reason why this bankruptcy case is not "close to completion."

4.      Appellant cannot meet the standard for leave to appeal the interlocutory Fifth Recusal Order. Two separate judges on this Court and the Fifth Circuit already ruled that recusal is unwarranted, and the Fifth Recusal Motion raised no new facts or circumstances since those rulings.  Consequently, there is no "controlling question of law with substantial grounds for disagreement" that would militate in favor of an interlocutory appeal. And an interlocutory appeal will not "materially advance the ultimate termination" of the bankruptcy case but, rather, effect the opposite result; permitting an interlocutory appeal here will only prolong further what the Dondero parties and their 65 appeals have perpetuated for years.

5.      The Fifth Recusal Order is indisputably interlocutory. Appellant cannot satisfy the requirements to appeal it. Just as Judge Kinkeade did with respect to this same

Appellant's appeal of an essentially identical order three years ago—and for the same reasons—the Court should deny the Motion for Leave and dismiss this appeal.[1]

## PROCEDURAL BACKGROUND

6.      Appellant's inexhaustible zeal to litigate, re-litigate, and re-re-litigate *ad absurdum* the issue of Bankruptcy Judge Jernigan's recusal is increasingly exasperating to Appellees and must be for this Court, as well. After all, Appellant has previously asked this Court to consider recusal orders in this Chapter 11 case several times already.

7.      The last time was in 2022, when this same Appellant (together with its principal, James Dondero, and four other Dondero-controlled affiliates (collectively with Appellant, the "**Dondero Entities**")) attempted to appeal the Bankruptcy Court's interlocutory order of March 2021 denying the Dondero Entities' first motion to recuse Judge Jernigan (the "**Prior Recusal Order**"). Exactly as it did in this appeal, last time Appellant failed to include a motion for leave to appeal with its notice of appeal, as required under Bankruptcy Rule 8004(a). And exactly as this Court did a month ago, Judge Kinkeade ordered the parties to brief whether this Court had jurisdiction over an interlocutory recusal order.

---

[1] Appellees understand Appellant will imminently ask this Court to stay this matter pending the adjudication of a motion to consolidate Appellant filed last night in an unrelated appeal pending before Judge Kinkeade. Appellees will oppose the just-filed consolidation motion and respectfully request that this Court deny any motion to stay on grounds of judicial economy because denial of the Motion for Leave will render the request for consolidation of this matter moot. Appellees reserve all rights and arguments to oppose consolidation and any coming stay request.

8.     The parties did so and, in an exhaustive 14-page memorandum opinion,[2] Judge Kinkeade dismissed that appeal for lack of jurisdiction, ruling that: (a) the recusal denial order was a non-appealable interlocutory order;[3] (b) that a "different 'finality' standard" should not obtain "mere[ly] because the Bankruptcy Court entered" the order[4]—rejecting exactly the same argument Appellant now makes in its Motion for Leave; and (c) that the Dondero Entities did not satisfy the three-element standard for leave to appeal an interlocutory order.

9.     Dissatisfied with that Prior Order Denying Leave, the Dondero Entities then sought a writ of mandamus regarding the Prior Recusal Order, which Judge Scholer denied in March 2024 (the "**Mandamus Denial**"). Undeterred, the Dondero Entities appealed the Mandamus Denial to the Fifth Circuit Court of Appeals which, after

---

[2] *Dondero v. Jernigan*, Case No. 3:21-cv-00879-K, Doc. 39 (N.D. Tex. Feb. 9, 2022) (the "**Prior Order Denying Leave**").

[3] *Id.* at 5: "It is well-established law in the Fifth Circuit that a court's order denying a recusal motion is not a final order, is not an appealable interlocutory order, and is not an appealable collateral order …."

[4] *Id.* at 6–7, adding:

> There is nothing in the Court's own research, nor anything provided by Appellants, to suggest that the Court should ignore this binding precedent and apply a more liberal and flexible "finality" standard to this appeal of the Recusal Order merely because it is an order of the Bankruptcy Court. Indeed, courts in this Circuit have not hesitated in applying this well-settled law to an appeal of a bankruptcy court order on a motion to recuse.

agreeing to reconsider its initial opinion affirming the Mandamus Denial, issued a revised opinion again affirming the Mandamus Denial.[5]

10.    In August, disregarding[6] the Fifth Circuit's rebuke of Appellant's earlier recusal efforts in the Affirming Opinion, Appellant filed its Fifth Recusal Motion.[7] That motion was (a) just over five pages long, (b) unsupported by any evidence, and (c) limited to arguments concerning the standard of review for recusal motions and Judge Jernigan's authorship of two novels, issues Appellant raised previously. Based on this negligible record of Appellant's own design, the Bankruptcy Court denied the motion in a single paragraph, citing the Fifth Circuit's Affirming Opinion and holding that the Fifth Recusal Motion was barred by res judicata.

11.    Appellant appealed to this Court. After the Court ruled on September 26 that the Fifth Recusal Order was interlocutory and that this "appeal therefore requires leave of court under 28 U.S.C. § 158(a)(3)," Appellant filed its Motion for Leave, which spans some 19 pages and contains thousands of pages of exhibits. Yet for all its lies, bluster, and ponderous attempts to complicate the simple, well-settled legal standard for leave to appeal an interlocutory order, the Motion for Leave all but ignores the relevant

---

[5] *Dondero v. Jernigan*, 2025 U.S. App. LEXIS 9054 (5th Cir. Apr. 16, 2025) (the "**Affirming Opinion**"). The Dondero Entities *again* sought rehearing, which the Fifth Circuit denied. 2025 U.S. App. LEXIS 12663 (5th Cir. May 23, 2025).

[6] The Dondero Entities have recently petitioned the Supreme Court for a writ of certiorari regarding the Fifth Circuit's Affirming Opinion.

[7] *Motion for Recusal* [Bankr. Doc. 4379] (the "**Fifth Recusal Motion**"). Other Dondero Entities were also parties to the Fifth Recusal Motion, but only Dugaboy appealed the Fifth Recusal Order.

legal standard (which Appellant cannot meet) and instead purports to relitigate a matter this Court ruled on just a few weeks ago (consistently with Judge Kinkeade's ruling and with incontrovertible Fifth Circuit precedent)—that the Fifth Recusal Order is an interlocutory order over which this Court has no jurisdiction absent leave to appeal being granted.

### THE FIFTH RECUSAL ORDER IS INTERLOCUTORY

12.     Despite that this Court has already ruled that the Fifth Recusal Order is an interlocutory order than cannot be appealed without this Court's leave, Appellant spends the vast majority of its Motion for Leave trying to persuade the Court that the Fifth Recusal Order is *not* interlocutory but, rather, final and appealable as of right. Appellant is wrong.

13.     Appellant attempts a legal sleight of hand by arguing that, because the Bankruptcy Court's final orders on two other matters are claimed to be "intertwined" with recusal, the Fifth Recusal Order must also be final. Not so. The very premise is invalid. One order approved a sale and settlement transaction between the Highland estate and Hunter Mountain Investment Trust ("**HMIT**"), a former holder of limited partnership interests in Highland. Appellant fails to explain how the issue of recusal is "intertwined" with (or even loosely related to) the Bankruptcy Court's approval of a settlement and sale transaction, scrupulously negotiated at arm's length over months, where the prevailing

legal standard for bankruptcy court review strongly favors approval.[8] The second order, issued *after* the Fifth Recusal Order, also had nothing to do with recusal: it pertained to the fixing of deeply out-of-the-money, subordinated, contingent interests in the Highland Claimant Trust. Again, Appellant fails to explain how either of these orders (where recusal was never even mentioned in any of Appellant's pleadings or in its arguments at either hearing) are even related to recusal, much less "intertwined." Saying so does not make it so.

14.    Neither does Appellant cite any case that supports its argument in this regard, and Appellees have found no such case. None of the cases Appellant cites arises in the context of a recusal motion. Instead, those cases stand for the unremarkable proposition that the Bankruptcy Court's subsequent orders on other issues in the bankruptcy case are final orders that may be appealed as of right. In fact, both orders mentioned above are unsurprisingly subject to separate appeals in this Court.[9]

15.    The mere fact that one of the unrelated orders was issued *after* the Fifth Recusal Order does not make it "intertwined" with the issue of recusal. Appellant has not cited—and cannot cite—any case from any court that treats an otherwise interlocutory recusal denial order as final because the judge issued final orders on other matters after

---

[8] Indeed, if the orders were "intertwined," Appellant would have referred to the earlier HMIT settlement and sale order in the Fifth Recusal Motion, but it didn't. Even Appellant saw no connection between the two orders when it sought recusal for the fifth time.

[9] The appeal of the HMIT sale and settlement order is pending before Judge Kinkeade (3:25-cv-01876-K), and the appeal of the order fixing the Class 11 interests is pending before Judge Lindsay (3:25-cv-02724-L).

denying a recusal order. Such cases do not exist because the very idea is nonsense. Judges *always* issue final, appealable orders in cases after denying recusal. If doing so somehow made the order denying recusal final, the Fifth Circuit would not have maintained for decades the well-settled law that a recusal order is interlocutory.

16.     Similarly, Appellant's characterization of the bankruptcy case as "close to completion" and "near final[]" is belied by even a cursory review of the Bankruptcy Court's docket. Multiple appeals are pending in this Court.[10] Dondero affiliates are also currently pursuing two appeals at the Fifth Circuit and have petitioned the Supreme Court for a writ of certiorari concerning the Fifth Circuit's Affirming Opinion. Any one of those eight current appeals could result in reversals or remands such that the Bankruptcy Court's work in this bankruptcy case is far from over.[11] The bankruptcy case persists *ad infinitum* because this Appellant and its affiliates never stop litigating, appealing, re-litigating, re-appealing, and seeking all manner of writs at every echelon of the federal judicial system. But whether Appellant and its allies are largely to blame for the bankruptcy case's lack of finality—and they most definitely are—doesn't alter the simple

---

[10] In addition to the appeals cited above, *supra* n.9, the following appeals arising from the Highland bankruptcy case are also pending in the District Court: (a) Dugaboy's appeal of an order denying a stay is pending before Judge Scholer (3:25-cv-02072-S); and (b) Patrick Daugherty's appeal of the granting of an order pursuant to Fed. R. Civ. P. 60 is pending before Judge Brown (3:25-cv-02584-E).  Combined with the matter, there are five appeals (or motions for leave to appeal) pending in the District Court.

[11] The Bankruptcy Court is also presiding over an adversary proceeding with an evidentiary hearing scheduled for April 2026 that involves Patrick Daugherty, another party likely to appeal any adverse ruling.

reality that there remains considerable work to be done in the bankruptcy case by the Bankruptcy Court for the foreseeable future. *That* is why Judge Jernigan expressed, with no small measure of exasperation,[12] that "it's time for this case to end"—because she realized that the Dondero Entities have prevented and will continue to prevent this bankruptcy case from concluding.

---

[12] Exasperation that judges on the Fifth Circuit evidently share. Circuit judges have asked counsel at least three times in three different oral arguments if anything will ever stop the incessant Dondero appeals that inevitably find their way to New Orleans.

17.      Appellant's use of *Bartee*[13] demonstrates how misguided Appellant's attempts to characterize the Fifth Recusal Order as "final" really are. In *Bartee*, the Fifth Circuit, addressing issues having nothing to do with recusal, noted unremarkably that there exist bankruptcy orders that are final and appealable before the entire bankruptcy proceeding concludes.[14] Nothing could better epitomize the Fifth Circuit's point than the fact that Dondero and his entities have brought more than **60** appeals out of this one bankruptcy case, where nearly all but the recusal orders were indisputably final orders appealable as of right. Dondero and his entities, including Appellant, have hardly been frustrated in their efforts to appeal virtually all of Judge Jernigan's rulings issued over the last five years, and it is *because* many bankruptcy court orders are final before the bankruptcy case is over, not *in spite* of it. Yet this Court has already ruled at least twice, correctly, that recusal orders are different and that Fifth Circuit precedent has uniformly treated recusal orders as interlocutory, even in bankruptcy cases.[15]

---

[13] *In re Bartee*, 212 F.3d 277, 280 (5th Cir. 2000) (in an appeal of an order sustaining a creditor's objection to a chapter 13 bankruptcy plan, the Fifth Circuit prefaced its analysis by noting that "[s]ince this case *does not involve interlocutory orders* … we have jurisdiction over this case") (emphasis added). Appellant's reliance on *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 589 U.S. 35 (2020), is also misplaced. *Ritzen* addressed the narrow issue regarding the finality of a bankruptcy court's order denying a creditor's motion for relief from the automatic stay and held that such an order—which could not be more dissimilar from a recusal denial—was final.

[14] Similarly, none of Appellant's other cases, including *Tullius* and *Kizzee-Jordan*, involves matters having anything to do with recusal. Those decisions simply don't apply here.

[15] *See, e.g.*, *In re Dorsey*, 489 F. App'x 763, 764 (5th Cir. 2012); *In re Schweitzer*, 2007 Bankr. LEXIS 75033, at *2 (E.D. La. Oct. 9, 2007); *In re Moerbe*, 2005 U.S. Dist. LEXIS 32468, at *8 (W.D. Tex. Sept. 1, 2005). Judge Kinkeade expressly cited these cases in his Prior Order Denying Leave as support for his ruling that "both the Fifth Circuit and district courts in this Circuit have applied this very clear, decades-old law in appeals taken from a bankruptcy court's order denying a motion to recuse." Prior Order Denying Leave at 5–6.

18.    Appellant's attempt to persuade this Court that there is something different here that would take the Fifth Recusal Order outside the reach of the "very clear, decades-old law" is an act in futility. The Fifth Recusal Order is as interlocutory as the Prior Recusal Order was. As this Court already ruled only weeks ago, Appellant needs leave of this Court before it may proceed with an appeal of the Fifth Recusal Order. This Court should not grant that leave.

## THE COURT SHOULD DENY LEAVE TO APPEAL

19.    Appellant has not met and cannot meet the standard for leave to appeal the interlocutory Fifth Recusal Order. This Court expressed the three-element standard for granting leave to appeal an interlocutory order thus: "(1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation."[16] An appellant must satisfy all three elements and must overcome the Fifth Circuit's policy that "disfavors interlocutory appeals" such that "leave to appeal is sparingly granted."[17]

20.    Oddly, Appellant identifies this standard for granting leave to appeal an interlocutory order only to spend four more pages of its Motion for Leave rehashing its

---

[16] *In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991) (cited by Judge Kinkeade in the Prior Order Denying Leave along with four other cases from district courts in Texas, including this Court).
[17] *In re Genter*, 2020 U.S. Dist. LEXIS 103019, at *3 (N.D. Tex. June 12, 2020) (citing *Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981)).

convoluted, nonsensical, merit-free argument about other final orders being "intertwined" with the Fifth Recusal Order. When Appellant finally addresses the relevant standard for granting leave, Appellant indulges in self-serving, conclusory statements proving nothing and ignoring Judge Kinkeade's rejection of these exact arguments in these exact circumstances three years ago.

21.    Nothing has changed. The standard for granting leave to appeal an interlocutory order is the same as it was when Judge Kinkeade denied leave. And Appellant's inability to meet that standard is the same as it was then.

22.    **First,** as Judge Kinkeade ruled three years ago, "there is no controlling question of law with substantial grounds for disagreement for which resolution would materially advance the end of the bankruptcy litigation."[18] The issue of Judge Jernigan's recusal, even if it had not already been litigated, decided, and affirmed several times on appeal, is not a "controlling question of law." Judge Kinkeade followed *Moerbe* and *In re Aquatic Development Group, Inc.* in holding that a "controlling issue of law is one that has 'the potential for substantially accelerating the disposition of the litigation' and *does not concern 'matters that are entrusted to the discretion of the bankruptcy court.'*"[19] Whether a judge should recuse herself is just such a matter entrusted to the discretion of

---

[18] Prior Order Denying Leave at 10.
[19] *Id*. at 10–11 (quoting *Moerbe*, 2005 U.S. Dist. LEXIS 32468 at *8 and *In re Aquatic Dev. Group, Inc.,* 196 B.R. 666, 669 (S.D.N.Y. 1996)) (emphasis added).

the bankruptcy court.[20] As Judge Kinkeade already held, Judge Jernigan's order declining to recuse does not present a controlling issue of law. Appellant cannot meet this element today any more than it could three years ago.[21]

23.     **Second,** the Fifth Recusal Motion does not present an issue for which there exists substantial ground for difference of opinion. No judge at any level of the federal court system—not Bankruptcy Judge Jernigan, not District Judge Kinkeade, not District Judge Scholer, not Circuit Judge Wiener, not Circuit Judge Willett, not Circuit Judge Duncan, not any of the more than a dozen District and Circuit judges who have heard Dondero appeals over the last five years—has ever held that any of Judge Jernigan's conduct or rulings in this case evinces bias or would require her to recuse.[22] Nearly every one of Judge Jernigan's orders has been affirmed at both the District Court and the Fifth Circuit Court of Appeals. All the Dondero Entities' 65 appeals to date have resulted, almost without exception, in affirmance, dismissals, and denials of mandamus—results that dispel any notion that Judge Jernigan's orders were the product of some sort of bias.

---

[20] *See, e.g.*, *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982); *Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir. 1999).

[21] Because the Fifth Recusal Motion didn't even attempt to allege new facts or circumstances that would implicate Judge Jernigan's recusal in new ways and was, instead, based on false, tired, and discredited arguments about Judge Jernigan's two novels, the Fifth Recusal Motion doesn't even raise a *new* issue of law not already decided by the Fifth Circuit, much less a controlling issue of law. It's why Judge Jernigan denied the Fifth Recusal Motion: "Two words: *res judicata.*" Fifth Recusal Order at 4 (italics in original).

[22] The judges in the Fifth Circuit are apparently so uninterested in this issue that, in its order denying Appellant's last petition for a rehearing en banc, the Fifth Circuit noted that "no member of the panel or judge in regular active service requested that the court be polled on rehearing en banc." Case No. 24-10287, Doc. 152-1.

24.    The issue of Judge Jernigan's supposed bias isn't even relevant to the Fifth Recusal Motion, which was based exclusively on false, conclusory allegations pertaining to Judge Jernigan's two novels. This Court—through both Judges Kinkeade and Scholer—and the Fifth Circuit Court of Appeals have already ruled that the novels do not provide a valid basis for recusal.[23] Despite that Appellant is seeking Supreme Court review of those rulings, the rulings preclude the identical arguments Appellant raises in the Fifth Recusal Motion. Whether by res judicata (claim preclusion) or collateral estoppel (issue preclusion) or the doctrine of law of the case, Appellant is barred from relitigating, again and again, Judge Jernigan's works of wholly unrelated fiction.

25.    Even were this a fresh question that had not been repeatedly litigated and resolved in this case previously, the issue of Judge Jernigan's recusal would still not be an issue for which there is substantial ground for difference of opinion. This Court has clarified that "courts have found substantial ground for difference of opinion where 'a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which has reached the issue ....'"[24] Judge Jernigan's declining to recuse in the face of material misrepresentations, outright lies, and baseless innuendo does not conflict with rulings of Courts of Appeals generally, or with the Fifth Circuit Court of Appeals' ruling

---

[23] The Fifth Circuit noted that "while some similarities between the books and the cases before Chief Judge Jernigan **may** raise cause for concern, the similarities are **not close enough** to find that the district court abused its discretion denying the [mandamus] petition." *Dondero v. Jernigan*, 2025 U.S. App. LEXIS 9054 at *20 (emphasis added).

[24] *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006) (Boyle, J.) (citation omitted).

*in this case in an appeal brought by this Appellant.* That Appellant (and only Appellant) continues to obstinately disagree does not indicate "substantial grounds for difference of opinion"; it indicates only Appellant's churlishness.

26. **Third,** Appellant cannot satisfy the third element because it is inconceivable that an interlocutory appeal of the Fifth Recusal Order will materially advance the ultimate end to this bankruptcy case. Rather than "advance the ultimate termination of the litigation," yet another appeal of an order denying recusal in this case would do just the opposite, prolonging and complicating litigation and further delaying a conclusion of the bankruptcy case. And Appellant says so: "Dugaboy will also seek vacatur or reversal of all potentially bias-tainted decisions or actions taken by Chief Judge Jernigan starting from the time she began writing her books …."[25] Appellant's would-be interlocutory appeal of the Fifth Recusal Order could prolong this bankruptcy case indefinitely, burdening the federal courts for many more years and frustrating the keen interest real creditors[26] have in receiving distributions for which they have waited years.

---

[25] Motion for Leave at 7–8. This echoes the Fifth Recusal Motion, which ends with the astonishing statement that "the Court should vacate all of its orders and decisions in this case taken [*sic*] since the day the Court began writing its novels." Judge Jernigan's first novel was published in January 2019, nearly a year before Highland filed for bankruptcy. Thus, Appellant seeks vacatur of every order and every decision in this case *since its inception*. The **entire** Chapter 11 case, featuring **more than 1,600 orders** and more than 60 appeals (virtually all by the Dondero Entities), would be vacated nearly five years after the Chapter 11 plan was confirmed. No court anywhere has ever granted such relief.

[26] Appellant is not a creditor and not a vested beneficiary of the Highland Claimant Trust.

# CONCLUSION

In light of the foregoing, Appellees respectfully request that the Court deny the

Motion for Leave and dismiss this appeal for lack of jurisdiction.

October 24, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (admitted *pro hac vice*)
John A. Morris (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
Jordan A. Kroop (admitted *pro hac vice*)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Email:    jpomerantz@pszjlaw.com
            jmorris@pszjlaw.com
            gdemo@pszjlaw.com
            jkroop@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.,
and the Highland Claimant Trust*

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    This document complies with the word limit of Fed. R. Bankr. P. 8013(f)(3)(A) because, excluding the portions excluded by Fed. R. Bankr. P. 8015(g), this document contains 4,211 words.

2.    This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word, typeface Times New Roman, 14-point type (12-point type for footnotes).

*/s/ Zachery Z. Annable*
Zachery Z. Annable

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on October 24, 2025, a copy of the foregoing document was served electronically via the Court's CM/ECF system on all parties receiving electronic notice in this case.

*/s/ Zachery Z. Annable*
Zachery Z. Annable