| | |
|---|---|
| PACHULSKI STANG ZIEHL & JONES LLP<br>Jeffrey N. Pomerantz (admitted *pro hac vice*)<br>John A. Morris *(*admitted *pro hac vice)*<br>Gregory V. Demo (admitted *pro hac vice*)<br>Jordan A. Kroop (admitted *pro hac vice*)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Tel: (310) 277-6910 | HAYWARD PLLC<br>Melissa S. Hayward<br>Texas Bar No. 24044908<br>MHayward@HaywardFirm.com<br>Zachery Z. Annable<br>Texas Bar No. 24053075<br>ZAnnable@HaywardFirm.com<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100 |

*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br>HIGHLAND CAPITAL MANAGEMENT, L.P.<br>   Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| THE DUGABOY INVESTMENT TRUST *et al.*,<br><br>   Appellant,<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P. *et al.,*<br><br>   Appellees. | Case No. 3:25-cv-02579-B |

### APPELLEE'S OBJECTION TO APPELLANT THE DUGABOY INVESTMENT TRUST'S MOTION TO STAY PROCEEDINGS PENDING RULING ON MOTION TO CONSOLIDATE PROCEEDINGS ON APPEAL

Appellees Highland Capital Management, L.P. and the Highland Claimant Trust (together, "**Appellees**") hereby object to *Appellant The Dugaboy Investment Trust's Motion to Stay Proceedings Pending Ruling On Motion to Consolidate Proceedings On Appeal* [Doc 22, the "**Stay Motion**"] and respectfully state as follows:

1

## OBJECTION

On October 10, 2025, after this Court rejected The Dugaboy Investment Trust's ("**Dugaboy**") attempt to directly appeal the Bankruptcy Court's interlocutory recusal order (Doc 2), Dugaboy reluctantly filed a motion for leave to appeal (Doc 17) (the "**Motion for Leave**"). On October 24, 2024, Appellees filed their opposition to Dugaboy's Motion for Leave. (Doc 23). Since Dugaboy has no right to file a reply under Rule 8004(b) of the Federal Rules of Bankruptcy Procedure, its Motion for Leave is ripe for decision.

Yet, in the Stay Motion, Dugaboy seeks to stay this proceeding in the "interests of judicial economy" until a recently-filed motion to consolidate is determined. Regardless of the merits of the motion to consolidate (and Appellees believe there are none), there is no reason why this Court—which is already familiar with this matter having previously issued two separate orders[1]—should not adjudicate the Motion for Leave.

Indeed, adjudicating the Motion for Leave may be the most efficient thing this Court can do because if the Motion for Leave is denied, it will end three separate contested matters: (a) this matter will be dismissed for lack of jurisdiction, (b) Dugaboy's consolidation motion as it pertains to the Recusal Order will be rendered

---

[1] *See* Doc 2 (order rejecting Dugaboy's attempt to directly appeal the interlocutory recusal order and directing it to file a motion for leave to appeal in accordance with applicable law); Doc 21 (order denying without prejudice Appellee's motion for a limited stay and extension of time).

2

moot; and (c) Appellees' Motion to Strike[2] items from the appellate record pending in the Bankruptcy Court will also be rendered moot.

For these reasons, the Stay Motion should be denied.[3]

October 29, 2025

| | |
|---|---|
| **PACHULSKI STANG ZIEHL & JONES LLP** | **HAYWARD PLLC** |
| Jeffrey N. Pomerantz (admitted *pro hac vice*) | |
| John A. Morris (admitted *pro hac vice*) | */s/ Melissa S. Hayward* |
| Gregory V. Demo (admitted *pro hac vice*) | Melissa S. Hayward |
| Jordan A. Kroop (admitted *pro hac vice*) | Texas Bar No. 24044908 |
| 10100 Santa Monica Boulevard, 13th Floor | MHayward@HaywardFirm.com |
| Los Angeles, CA 90067 | Zachery Z. Annable |
| Tel: (310) 277-6910 | Texas Bar No. 24053075 |
| Email:     jpomerantz@pszjlaw.com | ZAnnable@HaywardFirm.com |
|        jmorris@pszjlaw.com | 10501 N. Central Expy, Ste. 106 |
|        gdemo@pszjlaw.com | Dallas, Texas 75231 |
|        jkroop@pszjlaw.com | Tel: (972) 755-7100 |

*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*

---

[2] *See Appellees' Emergency Motion for a Limited Stay and Extension of Time to Respond to Motion for Leave Pending the Outcome of a Related Motion to Strike* (Doc 18), Exhibit B.

[3] This Objection is filed solely against the Stay Motion. Appellees reserve all rights and arguments in opposition to Dugaboy's consolidation motion regardless of the outcome of the Stay Motion or the Motion for Leave.

## CERTIFICATE OF COMPLIANCE

1. This document complies with Fed. R. Bankr. P. 8013(f)(3)(C) because, excluding the portions excluded by Fed. R. Bankr. P. 8015(g), this document contains 355 words.

2. This document complies with Fed. R. Bankr. P. 8015(a)(5) and (6) because it has been prepared using Microsoft Word in a proportionally spaced typeface (Times New Roman), 14-point type (12-point type for footnotes).

*/s/ Melissa S. Hayward*
Melissa S. Hayward

## CERTIFICATE OF SERVICE

I certify that, on October 29, 2025, a copy of this document was served electronically via the Court's CM/ECF system to all parties registered to receive electronic notices in this case.

*/s/ Melissa S. Hayward*
Melissa S. Hayward
