UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL<br>MANAGEMENT LP,<br><br>    Debtor,<br><br>———————————————<br><br>THE DUGABOY INVESTMENT<br>TRUST,<br><br>    Plaintiff/Appellant,<br><br>v.<br><br>HIGHLAND CAPITAL<br>MANAGEMENT, L.P.; HIGHLAND<br>CLAIMANT TRUST; HIGHLAND<br>LITIGATION SUB-TRUST; HUNTER<br>MOUNTAIN INVESTMENT TRUST,<br><br>    Defendants/Appellees. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 3:25-CV-2579-B<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff/Appellant The Dugaboy Investment Trust ("Dugaboy")'s Motion for Leave to Appeal (Doc. 17). For the following reasons, the Court **DENIES** the Motion and **DISMISSES** the appeal for lack of jurisdiction.

I.

BACKGROUND

In this appeal, Dugaboy challenges the Bankruptcy Court's "Order Denying Fifth Motion to

Recuse Judge" (the "Recusal Denial"). *See* Doc. 1-1, Notice Appeal, 2. Dugaboy sought Chief U.S. Bankruptcy Judge Stacey G.C. Jernigan's recusal from the case based on the asserted "prejudicial circumstances created by [her] publication of two fiction novels with numerous similarities to her real cases and litigants, in particular a villain bearing close similarity to" Dugaboy's principal James Dondero. Doc. 17, Mot. Leave, 2. This recusal request was the latest in a series filed by Dugaboy and its affiliates beginning in March 2021. *See* Doc. 1-1, Ex. A, Recusal Denial, 1–3.

Of note, when Chief Judge Jernigan denied the movants' first motion to recuse, they appealed the denial to the United States District Court, which found that the appeal was interlocutory and dismissed the action for lack of jurisdiction. *See In re Highland Cap. Mgmt., L.P.*, No. 3:21-CV-0879-K, 2022 WL 394760, at *2–3 (N.D. Tex. Feb. 9, 2022) (Kinkeade, J.). Judge Kinkeade's ruling rested principally on the "well-established precedent in the Fifth Circuit . . . that no jurisdiction lies over an appeal of a motion to recuse until final judgment has been entered." *Id.* at *5.

The third motion to recuse resulted in a 36-page opinion by Chief Judge Jernigan, *see* Doc. 1-1, Ex. A, Recusal Denial, 2–3, which Dugaboy and its affiliates challenged by filing a petition for writ of mandamus that reached the Fifth Circuit. *See generally Dondero v. Jernigan*, No. 24-10287, 2025 WL 1122466 (5th Cir. Apr. 16, 2025) (per curiam), *petition for cert. filed*, No. 25-355 (U.S. Sept. 22, 2025). Examining the record before it, the Fifth Circuit found it "debatable" whether Chief Judge Jernigan's novels would cause a reasonable observer to question her impartiality in the proceedings. *Id.* at *7. On one hand, "[d]ue to the similarities between the characters in Chief Judge Jernigan's novel and the litigants currently before her court, a strong argument could be made that she had a

duty to recuse." *Id.* But, on the other hand, while the similarities "may raise cause for concern," they were "not close enough" to "clearly and indisputably" require recusal, as necessary for mandamus relief. *See id.*

After summarizing the movants' four previous unsuccessful attempts[1] to seek her recusal, Chief Judge Jernigan denied the fifth motion on two grounds. *See* Doc. 1-1, Ex. A, Recusal Denial, 4. First, invoking the principle of *res judicata*, Chief Judge Jernigan held that "[n]othing new ha[d] been raised by the latest motion" and observed a pattern of repeatedly seeking recusal in response to or in anticipation of adverse judgements. *See id.* Second, Chief Judge Jernigan ruled that the fifth motion "failed to present any objective manifestations of bias or prejudice" that would make a reasonable observer doubt her impartiality. *See id.* The Recusal Denial was issued on September 2, 2025. *Id.* at 1.

Dugaboy filed its Notice of Appeal of the Recusal Denial on September 16, 2025. Doc. 1-1, Notice Appeal, 4. The Notice of Appeal identifies no other judgment, order, or decree as the subject of the appeal. *See id.* at 2.

On September 18, 2025, two days after Dugaboy filed its Notice of Appeal, the Bankruptcy Court held a hearing on a "Motion to Fix the Allowed Amount of Dugaboy's Class 11 Interests." *See* Doc. 17, Mot. Leave, 3-4. Dugaboy asserts that Chief Judge Jernigan exhibited further bias against Dugaboy and its affiliates at that hearing. *See id.* at 4–6.

On September 22, 2025, the Bankruptcy Court issued an "Order Fixing Allowed Amount

---

[1] The second motion to recuse was denied for procedural defects, and the fourth motion to recuse was filed in an adversary proceeding and became moot upon abatement of the adversary proceeding. *See* Doc. 1-1, Ex. A, Recusal Denial, 2–3. Arguments made in the fourth motion to recuse were addressed in the Bankruptcy Court's ruling on the third motion. *See id.* at 3.

of Class 11 Interests" (the "Class 11 Order"). *See In re Highland Capital, L.P.*, No. 19-34054-sgj-11 (Bankr. N.D. Tex. Sept. 22, 2025), ECF No. 4401. Dugaboy has separately appealed the Class 11 Order, which is currently pending before Judge Lindsay. *See generally* Notice of Appeal, *The Dugaboy Investment Trust, et al. v. Highland Claimant Trust*, No. 3:25-cv-02724-L (N.D. Tex. Oct. 7, 2025), ECF No. 1-1.

Looking backwards, Dugaboy has two other active appeals of Bankruptcy Court orders entered prior to the Recusal Denial. *See* Doc. 17, Mot. Leave, 8 n.10. As relevant here, one appeal is from an order approving a settlement under Rule 9019 (the "9019 Order"), which was entered on June 30, 2025, and is currently on appeal before Judge Kinkeade. *See generally* Notice of Appeal, *The Dugaboy Investment Trust, et al. v. Highland Capital Management, L.P., et al.*, No. 3:25-cv-01876-K (N.D. Tex. July 17, 2025), ECF No. 1-1.

Dugaboy has also filed a petition for a writ of certiorari to the Supreme Court challenging the Fifth Circuit's standard of review for recusal decisions. *See* Petition for a Writ of Certiorari, No. 25-355 (U.S. Sept. 22, 2025).

Noting that an appeal of an order denying a motion to recuse is interlocutory, this Court ordered Dugaboy to file a Motion for Leave. *See* Doc. 2, Electronic Order. In its Motion, Dugaboy argued that leave was not required because the Recusal Denial was "intertwined" with other orders Dugaboy considers to be final, such that the Recusal Denial was also final. *See* Doc. 17, Mot. Leave, 10–12. Alternatively, Dugaboy sought leave to appeal the Recusal Denial as interlocutory. *See id.* at 14–18. Defendants/Appellees Highland Capital Management, L.P. and the Highland Claimant Trust filed a responsive brief arguing that the Court lacks jurisdiction over the appeal. *See generally*

Doc. 23, Resp. The Court considers its jurisdiction to hear this appeal below.

## II.

## LEGAL STANDARD

District courts have jurisdiction to hear appeals from a bankruptcy court's "final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). "Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37 (2020) (citation omitted). "It is well-established law in the Fifth Circuit that a court's order denying a recusal motion is not a final order . . . ." *Highland*, 2022 WL 394760, at *2. "[T]his very clear, decades-old law" applies to "appeals taken from a bankruptcy court's order denying a motion to recuse." *Id.* (collecting cases).

Once the bankruptcy court renders a final decision, prior nonfinal orders "merge" into the final order and may be reviewed on appeal from the final order. *See* FED. R. BANKR. P. ("FRBP") 8003(a)(4); FRBP 8003(a)(4) advisory committee's note to 2023 amendment ("The general merger rule can be stated simply: an appeal from a final judgment or appealable order or decree permits review of all rulings that led up to the judgment, order, or decree."); *cf. Satanic Temple, Inc. v. Tex. Health & Hum. Serv. Comm'n*, 79 F.4th 512, 514–15 (5th Cir. 2023) (explaining merger principle with respect to appeals of district court judgments). On appeal from the final decision, an appellant "must raise all claims of error in a single appeal." *Ritzen*, 589 U.S. at 38 (citation omitted).

Where a notice of appeal identifies a nonfinal order but does not identify the final order into which it merged, the appeal should not be dismissed for failure to properly identify the appealable order "if the notice of appeal was filed *after* entry" of the appealable order. FRBP

8003(a)(7) (emphasis added). In such a situation, "a court should act as if the notice had properly identified the judgment or appealable order or decree." FRBP 8003(a)(7) advisory committee's note to 2023 amendment. The focus is therefore on the actual decision "from which the appeal is taken," rather than a fixation on form in the notice of appeal. *See id.*

For a nonfinal order appealed on its own, a district court has jurisdiction to hear the appeal if it grants leave. *See* § 158(a)(3). "The decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion." *In re O'Connor*, 258 F.3d 392, 399–400 (5th Cir. 2001) (citation omitted). To make that decision, district courts in the Fifth Circuit typically apply the standard in 28 U.S.C. § 1292(b), which governs interlocutory appeals generally. *See Highland*, 2022 WL 394760, at *3 (citation omitted). Granting leave to appeal under that standard requires satisfaction of three elements: "(1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." *Id.* (citations omitted).

## III.

## ANALYSIS

The Court lacks jurisdiction over this appeal because (1) the appeal was not taken from a final order and (2) leave for an interlocutory appeal is not warranted.

A.  *Dugaboy's Appeal Is Not Taken from a Final Order.*

Acknowledging that the Recusal Denial is not on its own a final order, Dugaboy contends that two other Bankruptcy Court orders it has separately appealed are final, that the Recusal Denial

is "directly intertwined to both those appeals," and that this appeal therefore "can be pursued as a final appeal simultaneously with" the other appeals. *See* Doc. 17, Mot. Leave, 12. Dugaboy cites no caselaw to support its "intertwinement" theory, which appears to be a misstatement of the general merger rule that allows an appeal from a final order to include all previous nonfinal orders that led up to the final order. *See* FRBP 8003(a)(4).

Dugaboy did not identify any order besides the Recusal Denial in its Notice of Appeal. Doc. 1-1, Notice Appeal, 2. Nevertheless, this appeal should not be dismissed if, in substance, it was taken from a final order not identified in the Notice of Appeal. *See* FRBP 8003(a)(7). But because this appeal is not taken from any order besides the Recusal Denial, it is not taken from a final order appealable as of right.

Of the two orders that Dugaboy contends are final, only the Class 11 Order was entered after the Recusal Denial. The other—the 9019 Order—was entered before the Recusal Denial. The Recusal Denial could not have merged into the 9019 Order because a later order cannot "lead up to" an earlier order. *See* FRBP 8003(a)(4) advisory committee's note to 2023 amendment. In contrast, the Recusal Denial could theoretically have merged into the Class 11 Order, which was entered later.

Notwithstanding that theoretical possibility, this appeal was not taken from the Class 11 Order for two reasons. First, the Notice of Appeal was filed *before* entry of the Class 11 Order. Dismissal for failure to properly identify the appealable order is only inappropriate in circumstances where the notice of appeal was filed *after* entry of the appealable order. *See* FRBP 8003(a)(7). Second, Dugaboy has challenged the Class 11 Order in a separate appeal, making clear that the Class 11 Order is not the order "from which [this] appeal is taken." FRBP 8003(a)(7) advisory committee's

note to 2023 amendment. This appeal is therefore not taken from any purportedly final order.

The Court expresses no opinion as to whether the other orders identified in Dugaboy's briefing are final orders or whether the Recusal Denial merges with them. The Court only holds that the Recusal Denial is not itself final, and the substance of this appeal is not directed to any final order. Jurisdiction over this appeal therefore requires leave of court. *See* § 158(a)(3).

B.    *Leave for an Interlocutory Appeal Is Not Warranted.*

This interlocutory appeal does not involve (1) a controlling issue of law with (2) a substantial ground for difference of opinion, where (3) an immediate appeal would materially advance the ultimate termination of the litigation. *See Highland*, 2022 WL 394760, at *3 (citations omitted). Thus, the Court denies leave to appeal.

First, the appeal does not involve a controlling issue of law. A controlling issue of law "has the potential for substantially accelerating the disposition of the litigation" and "does not concern matters that are entrusted to the discretion of the bankruptcy court." *Id.* at *4 (citation modified). Under 28 U.S.C. § 455(a), federal judges have a duty to recuse themselves where their impartiality might reasonably be questioned. *See* FRBP 5004(a) ("A bankruptcy judge's disqualification is governed by 28 U.S.C. § 455."). In the Fifth Circuit, the decision on a recusal motion is committed to the judge's sound discretion. *See Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982) (citations omitted). When there is clear and undisputed bias, mandamus is "the appropriate means for relief." *See Dondero*, 2025 WL 1122466, at *3. But the decision on a closer call—as the Fifth Circuit said exists here, *id.* at *7—is within the judge's discretion. Therefore, because this Recusal Denial was "entrusted to the discretion of the bankruptcy court," it is not a controlling

issue of law. *See Highland*, 2022 WL 394760, at *4.

Second, there is no substantial ground for difference of opinion on the question involved. A substantial ground for difference of opinion exists if "novel and difficult questions of first impression are presented." *See Ryan v. Flowerserve Corp.*, 444 F. Supp. 2d 718, 723–24 (N.D. Tex. 2006) (Boyle, J.) (citation omitted). Dugaboy construes the question involved in this appeal as whether Chief Judge Jernigan should have recused herself based on her books, which the Fifth Circuit noted was a novel fact pattern. *See* Doc. 17, Mot. Leave, 15–16 (citing *Dondero*, 2025 WL 1122466, at *7). But the preliminary question here is whether to remove the decision to recuse from Chief Judge Jernigan's discretion. That question on the standard of review, as Dugaboy notes, is the subject of a circuit split, which Dugaboy seeks to resolve by appealing to the Supreme Court. *See id.* at 16 n.13. Yet, as the law currently stands in the Fifth Circuit, reviewing courts defer to a judge's decision not to recuse unless she is patently biased. *See Chitimacha*, 690 F.2d at 1166; *Dondero*, 2025 WL 1122466, at *3. Unless that standard of review changes, there is no substantial ground to differ with Chief Judge Jernigan's discretionary decision not to recuse.

Finally, this appeal would not materially advance the litigation's termination. Dugaboy argues that denying its Motion for Leave would mean the Recusal Denial "will not face meaningful review . . . until the final resolution of the bankruptcy for all parties." Doc. 17, Mot. Leave, 17. That argument is mistaken because Dugaboy need not wait until final resolution of the entire bankruptcy case. It need only wait until it can point to an order that is "final" within the bankruptcy context and to which Chief Judge Jernigan's decision not to recuse can be assigned as error. Dugaboy essentially makes such arguments in this appeal. Expressing no opinion on those arguments' merits, the Court rejects the notion that Dugaboy's attempt to separately appeal the Recusal Denial is

-10-

superior to challenging it as part of an appeal from a final order.

## IV.

## CONCLUSION

For the foregoing reasons, Dugaboy's Motion for Leave to Appeal (Doc. 17) is **DENIED**, and this appeal is **DISMISSED** for lack of jurisdiction. Dugaboy's Motion to Stay Proceedings (Doc. 22) is **DENIED AS MOOT**.

**SO ORDERED.**

**SIGNED: December 3, 2025.**

_____
JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE